**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH GUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-00010 |
| | ) | |
| HENRY STEWARD, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Joseph Gunter, a prisoner in state custody at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), challenging his conviction in the Circuit Court for Fentress County, Tennessee.

The Court entered an order on February 20, 2013 directing service of the petition on the respondent, Henry Steward. The respondent thereafter filed a motion for summary judgment in his favor, solely on the grounds that the petition is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). As discussed herein, the Court finds that the petition is not time-barred. The motion to dismiss will therefore be denied, and the respondent will be directed to address the merits of the petition.

## I.    PROCEDURAL BACKGROUND

Gunter was convicted of first-degree felony murder and especially aggravated robbery and sentenced to concurrent terms of life imprisonment without parole and twenty years' imprisonment, respectively. *State v. Gunter*, No. M2004-01519-CCA-R3-CD, 2005 WL 2662575, at *1 (Tenn. Ct. Crim. App. Oct. 19, 2005) (outlining case procedural history). At the conclusion of Gunter's sentencing hearing on March 14, 2002, Gunter's counsel made an oral motion for a new trial, but he did not file a written motion for a new trial until September 24, 2002, more than six months later. *Id.* at *3. Under Tennessee law, an oral motion for a new trial made in open court must be reduced to writing within thirty days after the sentencing order is entered. *Id.* (citing Tenn. R. Crim. P. 33(b)). The timely filing of a motion for a new trial is mandatory and jurisdictional, and may not be extended. *Id.* (citing Tenn. R. Crim. P. 45(b)). Gunter's appeal was dismissed on October 19, 2005 on the basis that Gunter had waived his right to a

direct appeal by failing to file a timely written motion for a new trial. *Id.* Gunter did not appeal that dismissal to the Tennessee Supreme Court, and the appellate court's mandate was issued sixty days later, on December 18, 2005.

On September 6, 2006, Gunter filed a timely *pro se* post-conviction petition in the Criminal Court for Fentress County asserting, among other claims, that his trial counsel was ineffective for having failed to file a timely motion for a new trial and that he should be permitted to file a delayed appeal. (ECF No. 14-1, at 3.) Counsel was appointed and an amended petition was filed. *See State v. Gunter* ("*Gunter II*"), M2008-00675-CCA-R3-CD, 2009 WL 1643441, at *3 (Tenn. Ct. Crim. App. June 12, 2009) (summarizing procedural history). On February 13, 2007, the trial court entered an order granting the petition on the grounds of ineffective assistance of counsel, without reaching the other grounds for relief asserted. The court stated:

> 1.     The Petition for Post-Conviction relief was timely filed and alleged, among other things, ineffective assistance of counsel.
>
> 2.     It is proper to grant a delayed appeal in this cause based on trial counsel's failure to timely file a Motion for New Trial. This failure to timely file was deficient.
>
> 3.     Pursuant to Tennessee Code Annotated § 40-30-113 the Court finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States and the Constitution of Tennessee. The Court further finds that there is an adequate record of original trial proceeding available for review.

(ECF No. 14-3, at 2.) It is unclear what happened after that, because the respondent did not file the complete underlying record. The appellate court opinion reveals only that appointed counsel neglected to file a timely notice of appeal. *Gunter II*, 2009 WL 1643441, at *3. On April 3, 2008, the court of appeals waived the timely filing of the notice of appeal in the interest of justice, and gave Gunter's counsel fifteen days from the date of that order to file a notice of appeal. The notice was filed on April 7, 2008. *Id.*

After considering the issues on the merits, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. *Id.* at *19. The Tennessee Supreme Court denied the application for permission to appeal on October 19, 2009, and Gunter did not seek to appeal to the United States Supreme Court.

Gunter filed a second state post-conviction petition on August 25, 2010. The trial court denied relief on the merits, and that decision was affirmed on appeal. *Gunter v. State* ("*Gunter III*"), No. M2011-

01530-SC-R11-PC, 2012 WL 3144631 (Tenn. Ct. Crim. App. Aug. 3, 2012), *perm. to appeal denied* (Tenn. Dec. 11, 2012).

Gunter filed his § 2254 petition in this Court on January 23, 2013. (ECF No. 1, at 15 (petitioner's certification as to the date petition was placed in prison mailing system).)

## II.    DISCUSSION

The sole issue presently before the Court is whether Gunter's habeas petition was filed within the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events, only the first of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] AEDPA also provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The tolling provision, however, does not revive the limitations period; it can only serve to pause a clock that has not yet expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Thus, a state collateral attack filed after the federal habeas limitations period has already expired does not toll the federal period. *Id.*

Notwithstanding, AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631,----, 130 S. Ct. 2549, 2560 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically

---

[1] The other events enumerated by the statute are:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)–(D)

applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citation omitted).

The respondent argues that Gunter's petition is barred by § 2244(d)(1)(A), because Gunter's conviction became final on December 18, 2005, the sixtieth day after the Tennessee Court of Criminal Appeals issued its decision dismissing the first appeal. *See* Tenn. R. App. P. 11(b). The respondent contends that the statute of limitations began running on December 19 and continued to run until the petitioner filed his first post-conviction petition on September 6, 2006, 262 days later.

The respondent contends that the limitations period remained tolled only until March 15, 2007. The trial court entered the order granting the petitioner permission to file a delayed motion for a new trial on February 13, 2007, and the state did not appeal. The respondent contends the order became final 30 days later. *See* Tenn. R. App. P. 4(a). Thereafter, the petitioner's delayed notice of appeal was not actually filed until April 7, 2008, some 389 days later.[2] The respondent insists that the time for filing a habeas petition was not tolled during this period, equitably or otherwise, and that the AEDPA statute of limitations had already expired by the time the delayed notice of appeal was filed, as more than 365 "untolled" days had passed since the judgment of conviction became final after the first appeal.

The judgment denying relief on the petitioner's second direct appeal became final on January 18, 2010, that is, 90 days after the Tennessee Supreme Court denied permission to appeal. The petitioner filed his second post-conviction petition 219 days later, on August 25, 2010. The second post-conviction proceedings terminated on December 11, 2012, the date the Tennessee Supreme Court denied permission to appeal. The petitioner filed his petition in this court an additional 43 days later, on January 23, 2013.

Based on these dates, the respondent insists that a total of 913 untolled days[3] passed between

_____

[2] The year 2008 was a Leap Year, with 366 days.

[3] 262 + 389 + 219 + 43 = 913. The Court notes that the respondent counts as "untolled" the days on which the petitioner took action by filing a notice or petition. The Court does not include these days in calculating the total days. Instead, the day on which a petition or notice is filed is a day on which a petition or appeal becomes "pending" and is therefore a day on which the statute of limitations is tolled. *See* 28

the date the petitioner's judgment of conviction became final on direct review, and the filing of the present petition, well in excess of the year permitted by § 2244(d)(1).

Gunter, for his part, does not dispute the facts and dates on which the various filings occurred. He does, however, dispute their legal import. He appears to concede that the limitations period was not tolled between the time his conviction became final (December 18, 2005) and the date he filed his first petition for post-conviction relief (September 6, 2006). He contends, however, that when the trial court granted relief on his claim of ineffective assistance of trial counsel for failure to file a timely motion for a new trial, the court dismissed without prejudice the other post-conviction claims in his petition, such that the order was not a final order. Gunter contends on that basis that the AEDPA limitation period remained tolled from the time he filed his first post-conviction petition up through the date the judgment denying his second post-conviction petition became final. (ECF No. 19, at 7–12.) Thus, he argues, when he filed his habeas petition on January 23, 2013, only 305 days of the 365-day limitation period had passed (262 + 43).

In the alternative, the petitioner argues that equitable tolling should apply, because the petitioner diligently pursued his rights and took advantage of every state-court remedy available in order to protect those rights. The petitioner asserts that he should not be faulted for his first counsel's failure to file a motion for a new trial, or his second counsel's failure to file a timely notice of appeal after the petitioner was granted leave to pursue a late appeal.

The petitioner relies heavily on *Carey v. Saffold*, 536 U.S. 214 (2002). Although the circumstances of that case were very different from those here and concerned the peculiarities of California's post-conviction procedure,[4] this Court finds *Carey* to be relevant insofar as it suggests that a

---

U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."). The total, taking into account all the dates outlined above by the respondent, and assuming no tolling, would therefore actually be 909 days (261 + 388 + 218 + 42), still well in excess of a year if the respondent's method of calculating the limitations period is accepted.

[4] The Supreme Court noted in *Saffold* that most states follow a procedure pursuant to which, after a state defendant's conviction becomes final, the defendant files a state petition for post-conviction relief, and then appeals an adverse decision on that petition through the state's appellate system in accordance with rules governing the timeliness of the appeals. Under this type of system, the time period for filing a federal habeas petition is tolled the entire time the state post-conviction petition is pending, from the time it is first filed up through the date it becomes final on appeal. In California, however, where petitioner

state court's determination that a post-conviction petition is timely under state law should be binding on the federal courts for purposes of calculating the limitations period under 28 U.S.C. § 2244(d). *See id.* at 225–27 (noting that the determinative issue was whether the petitioner's state post-conviction petition was timely and therefore still "pending" when it was presented to the state supreme court).

And both of Gunter's post-conviction petitions clearly were deemed timely under state law. Tennessee has a one-year statute of limitations that applies to post-conviction petitions, which runs from "the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a). In addition, Tennessee has adopted a very specific procedure that applies when a petitioner is denied the right to appeal from an original conviction in violation of the state or federal constitution. In such a case, the criminal defendant must file a timely (within the one-year limitations period) post-conviction petition arguing that the ineffective assistance of counsel prevented him from pursuing a direct appeal. Pursuant to statute:

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:

---

Saffold was convicted, once the state trial court denies a post-conviction petition, the rules at that time did not call for the filing of a notice of appeal. Instead, the petitioner was required to file, within a "reasonable" time, a "further original state habeas petition in a higher court." *Saffold*, 536 U.S. at 217. Saffold had filed his post-conviction petition one week before the federal deadline for filing a habeas petition. The state court denied the petition. Saffold filed a further petition in the state court of appeal within five days. After that court denied his petition, Saffold waited four and a half months before filing a further petition in the California Supreme Court. Within a week after that court denied his petition, the petitioner filed his habeas petition in the federal district court.

The district court dismissed the petition as untimely, finding that the federal limitations period was not tolled during the intervals between one court's denial of the post-conviction petition and the filing of a new petition in the next higher court, because there was technically no case "pending" during those intervals. The Supreme Court, reversed, holding that, even under California's system, a post-conviction application remains pending until its final resolution in the state's highest court. The Court remanded, however, for a determination of whether in that case the petition filed in the state supreme court was timely or whether the petitioner had delayed "unreasonably" in seeking review from that court. *Id.* at 225–27. The Supreme Court held that if the delay was unreasonable, then the petition would no longer have been pending for some part of the four and a half month interval, and the federal habeas petition would thereby be rendered untimely. The Court noted that if the California Supreme Court had clearly stated that the filing was either timely or not timely, the issue would have been resolved. Instead, the state court denied the petition, stating in a single sentence that it did so "on the merits and for lack of diligence." *Id.* at 217–18. It was therefore unclear whether the state court deemed the petition to be untimely.

(1) If a transcript was filed, grant a delayed appeal; . . . or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

Tenn. Code Ann. § 40-30-113(a)(1) & (3). The trial court in this case entered an order granting Gunter's first post-conviction petition insofar as it sought a delayed appeal based on defense counsel's failure to file a timely motion for a new trial. That order expressly relied on Tenn. Code Ann. § 40-30-113. (*See* ECF No. 14-3, at 2–3 ("Pursuant to Tennessee Code Annotated § 40-30-113 the Court finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States and the Constitution of Tennessee.").)

However, the trial court's order is confusing and did not conform precisely with the statute insofar as it did not expressly direct the filing of a motion for a new trial. *See* Tenn. Code Ann. § 40-30-113(a)(3) ("If no motion for a new trial was filed in the original proceeding, [the trial judge can] authorize a motion to be made before the original trial court within thirty (30) days."). Moreover, the record before this court does not indicate whether a motion for a new trial was filed, whether a hearing was conducted on such a motion, or how long it took the trial court to resolve the motion. Nor does the record indicate when the notice of appeal from the denial of the motion for a new trial was due, or when Gunter filed a motion for permission to file a late notice of appeal in the state appellate court. The only information before this Court in that regard is that appointed counsel failed to file a timely notice of appeal, that the Tennessee Court of Criminal Appeals waived the timely filing in the interests of justice, and that the notice of appeal was filed on April 7, 2008. *Gunter II*, 2009 WL 1643441, at *3. In other words, the respondent has not established how "untimely" the notice of appeal was, or the precise length of time during which no appeal or collateral proceeding was technically "pending," whether it was 3 days or more than 300 days.

Based on the respondent's failure in this regard, and based on the fact that the filing of a motion for a new trial is jurisdictional and non-waivable, as previously discussed, the Court presumes that, after the trial court granted his first post-conviction petition, Gunter filed a timely motion for a new trial which the trial court denied, that Gunter's counsel thereafter failed to file a timely notice of appeal, and that

Gunter at some point filed a motion to file a late notice of appeal, which was granted.[5] Accordingly, in the absence of more specific information, the Court finds that the proceedings remained pending throughout the interval following the trial court's granting of the post-conviction petition until the final resolution of the delayed appeal by the state appellate courts.[6]

More to the point, the Court finds that the initial 261 days between the date the judgment initially became "final" and the date Gunter filed his first post-conviction petition should not be counted toward the AEDPA statute of limitations. That conclusion is supported by Tennessee law. When a delayed appeal is granted under Tenn. Code Ann. § 40-30-113(b), the action taken on that appeal is deemed the final judgment for all purposes under Tennessee law, thus restarting the limitations period for filing a new post-conviction petition. Pursuant to this provision, "[a]n order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review." *Id.*; *see also State v. Cordell*, 645 S.W.2d 763, 765 (Tenn. Ct. Crim. App. 1982) ("[T]he date on which the delayed appeal order was granted is the final judgment, . . . which triggers the rules applicable for review." (citing statutory predecessor to Tenn. Code Ann. § 40-30-113)). In other words, under Tennessee law, Gunter's conviction did not actually become final for purposes of state post-conviction review until the Tennessee Supreme Court denied the petitioner's application for permission to appeal on October 19, 2009.[7] Gunter filed his (second) post-

---

[5] While the filing of a timely motion for a new trial is mandatory and jurisdictional under Tennessee law, Tenn. R. Crim. App. 33(b), the timely filing of a notice of appeal may be waived in criminal cases in the interest of justice. Tenn. R. App. P. 4(a).

[6] As indicated, the respondent has not established the length of the interval between the trial court's last action on the delayed motion for a new trial and the filing of the late notice of appeal. Even if there were no filings between the granting of the post-conviction petition and the late notice of appeal, which is unlikely, the Court finds that the limitations period in 28 U.S.C. § 2244(d) would be equitably tolled during that time. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Gunter has clearly been diligent in pursuing his rights, and should not under the circumstances be charged with his appointed attorneys' repeated delinquencies.

[7] Additional time for seeking certiorari from the United States Supreme Court is not included in Tennessee's one-year statute of limitations pertaining to post-conviction petitions, which states in relevant part:

a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. . . .

conviction petition on August 25, 2010, just over ten months later, and it was considered timely under state law. In fact, when the Tennessee Court of Criminal Appeals addressed the petition, the statute of limitations was not an issue, nor did the court refer to "re-opening" the petition under Tenn. Code Ann. § 40-30-117.[8] The court succinctly summarized the proceedings leading up to the filing of the second post-conviction petition as follows:

> The Petitioner's first attempt to appeal his convictions was dismissed because his motion for new trial was untimely. *See Joseph Gunter*, 2005 WL 2662575, at *4. The Petitioner eventually obtained a delayed appeal, however, which resulted in this Court's affirming the Petitioner's convictions. *See State v. Joseph Gunter*, No. M2008-00675-CCA-R3-CD, 2009 WL 1643441, at *1 (Tenn. Crim. App. June 12, 2009). The Petitioner then commenced the instant post-conviction proceeding and subsequently filed a petition requesting DNA analysis of the clothing introduced at trial.

*Gunter v. State*, 2012 WL 3144631, at *4.

In sum, the court and the parties apparently all presumed that the petition was timely under the state's strict one-year statute of limitations. Gunter insists that this is because his first petition remained technically pending up until he filed his second petition. This Court finds instead that the second post-conviction petition was deemed timely because the court considered the limitation period to be restarted on the date the second, delayed appeal was resolved on the merits.

In arguing that Gunter's petition is time-barred, the respondent relies upon *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), which held that "a motion for delayed appeal, even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was

---

Tenn. Code Ann. § 40-30-102(a); *see Burrell v. State*, No. E1999-02762-CCA-R3-PC, 2001 WL 15792, at *1 (Tenn. Ct. Crim. App. Jan. 8, 2001) (holding that a state conviction becomes final for purposes of § 40-30-102 on the date of the final action of the highest *state* appellate court, without regard to whether the petitioner files a petition for certiorari in the United States Supreme Court).

[8] Tenn. Code Ann. § 40-30-102(a) further provides that:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise.

Under § 40-30-117, only one post-conviction petition may be filed, but a petitioner may "reopen" a proceeding that was concluded under limited circumstances. Tenn. Code Ann. § 40-30-102(c). None of the circumstances articulated in § 40-30-117 addresses the situation contemplated in § 40-30-113.

pending." *Id.* at 468 (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)). *DiCenzi* and *Searcy*, however, may also be read to suggest that the federal courts are bound by state-court rules for purposes of determining when a conviction becomes final. In *Searcy*, the petitioner argued that Ohio law treated delayed appeals as part of the direct appeal process. The Sixth Circuit rejected that argument based on the wording of the Ohio statute pertaining to direct appeals, and also on the basis that Ohio case law was unclear on whether delayed appeals should be treated as direct appeals. *Id.* at 518–19. The Sixth Circuit also noted that a conclusion that the AEDPA statute of limitations was "retriggered" by the denial of the petitioner's motion for a new trial would "effectively eviscerate" AEDPA's statute of limitations, given that "[l]eave to file a late notice of appeal can be sought at any time, even many years after the conviction." *Id.* at 519 (citation omitted).

The same is not true in Gunter's case, however. First, Tennessee statute and practice strongly suggest that a delayed appeal in circumstances like Gunter's is treated for all purposes like a direct appeal, including a retriggering of the state statute of limitations for filing a post-conviction petition. And second, under Tennessee law, Gunter did not have an unlimited ability to file a motion for a delayed appeal. Instead, his first post-conviction petition was governed by Tennessee's one-year post-conviction statute of limitations. In *Searcy*, the motion for a delayed appeal was filed three years after the petitioner's conviction had otherwise become final, *Searcy*, 246 F.3d at 516, well after the AEDPA statute of limitations had already expired. *DiCenzi* likewise concerned the effect of a motion for a delayed appeal under Ohio law under circumstances very different from those presented here.

In short, the Court finds that Gunter's conviction became final, for purposes of AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1), on January 18, 2010, ninety days after the Tennessee Supreme Court denied permission to appeal the judgment affirming Gunter's conviction at the conclusion of his delayed appeal. The statute of limitations ran for 218 days, until it was tolled beginning on August 25, 2010, when Gunter filed his second post-conviction petition. Those proceedings became final on December 11, 2012, the date the Tennessee Supreme Court denied permission to appeal. The statute of limitations ran for another 42 days, until the petitioner filed his petition in this court on January 23, 2013.

In the alternative, the Court holds that the AEDPA statute of limitations was equitably tolled during the interval between the date the judgment of conviction first became final and the filing of Gunter's first

post-conviction motion, in light of the fact that Gunter established that his counsel was ineffective for failing to file a timely motion for a new trial, and obtained relief on that basis in the state courts. Thereafter, for the same reasons as set forth above, the limitations period remained tolled until ninety days after the Tennessee Supreme Court denied review on October 19, 2009.

In either event, the petition is not barred by the statute of limitations. Accordingly, the respondent's motion for summary judgment will be denied. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge